UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WADE J. PRICE                                                    CIVIL ACTION

versus                                                           NO. 05-1365

GULF SOUTH PIPELINE CO., LP                                      SECTION "C" (1)

ORDER AND REASONS

Before the Court is Plaintiff Wade Price's Motion to Strike Jury Demand.  (Rec. Doc. 6).

After considering Plaintiff's Motion and Memorandum, the Defendant's Opposition thereto, and the

applicable law, the Court hereby GRANTS the Motion.

I.       Background

In his initial complaint, Plaintiff asserted general maritime claims under 28 U.S.C. § 1333

for injuries that arose when his vessel collided with allegedly unmarked submerged pilings, which

are owned by Defendant Gulf South Pipeline Company ("Gulf South") and located off the coast of

Louisiana approximately four miles east of the Mermentau Navigation Channel.  In that initial

complaint, filed with the Court on April 8, 2005 and assigned to Section C, Plaintiff made a jury

demand. (Rec. Doc. 1, Ex. A ¶ 8, "Complain for Damages under General Maritime Law"

[hereinafter "Original Complaint"]).  Plaintiff did not serve this Original Complaint on Defendant

1

until after he filed his "First Amending Petition" on May 3, 2005. (*Id.*, Ex. B [hereinafter "Amended Complaint"]).  In the Amended Complaint, Plaintiff re-asserted admiralty jurisdiction under § 1333, adding that his claims fell under 33 U.S.C. § 688, *et seq*., Jones Act.  Also, Plaintiff elected under Fed. R. Civ. P. 9(h) to assert his statutory right to demand a non-jury trial and indicated that paragraph 8 of the Original Complaint (requesting a jury trial) should be deleted.  (*Id.* ¶ 1.)  On May 9, 2005, Plaintiff served both the Original Complaint and the Amending Petition on Gulf South. (Rec. Doc. 8, Ex. C).

In its Answer, Gulf South claimed that it is entitled to a trial by jury on all the issues. (Rec. Doc. 6, Ex. C at 5 [hereinafter "Answer"]).   Additionally, Defendant asserted in its Answer that there is diversity of citizenship between the parties as Gulf South is a Texas corporation and Plaintiff a Louisiana resident.  (*Id.* at 2).  In response to Defendant's jury demand, Plaintiff makes this Motion to Strike.

## II.    Law and Analysis

Plaintiff argues that his straightforward assertion of admiralty jurisdiction entitles him to an election of a non-jury trial under the Jones Act and Rule 9(h).  In opposition, Defendant claims that Plaintiff's initial jury demand in the unserved Original Complaint and the bare fact of diversity of citizenship establish its right to a jury.  Defendant argues further that the diversity of citizenship provides the factual basis for diversity jurisdiction as an alternative to the Court's admiralty jurisdiction.  (*Id.* at 2). In insisting on its right to a jury trial, Defendant relies on this Court's rulings in different cases, which framed the issue as follows: "Whether a plaintiff, 'through the device of amending [his] complaint[] to state admiralty and maritime claims under Rule 9(h), effectively withdraw[s] [his] demand[] for jury trial[] without compliance with the specific procedures set forth

2

in [Rule] 39(a) for the withdrawal of such demands?'" *Woodard v. Diamond Offshore Drilling, Inc.*,

2000 U.S. Dist. LEXIS 1546, *2 (E.D.La. Feb. 11, 2000) (following *Johnson v. Penrod Drilling Co.*,

469 F.2d 897, 902 (5th Cir. 1972), rehearing en banc on other matters, 510 F.2d 234 (5th Cir. 1975),

cert. denied, 423 U.S. 839, 96, sub. nom, *Starnes v. Penrod Drilling Co.*, 423 U.S. 839 (1975)).[1]

Now, as in *Woodward*, the parties ask the Court to decide which Fifth Circuit precedent controls this

case.  While Defendant views the issue as did the *Johnson* court, Plaintiff relies on the later authority

in *Rachal v. Ingram Corp*., 795 F.2d 1210 (1986), which distinguished *Johnson*.

     In *Johnson*, the Fifth Circuit concluded that a plaintiff could not unilaterally withdraw his

jury demand in a Jones Act case, also brought under diversity jurisdiction, by later amending his

complaint with a 9(h) statement of admiralty and maritime jurisdiction only.  *See* 469 F.2d at 902-03.

Rather, the court held that a plaintiff must employ the procedures in Rule 39(a), which, as will be

discussed more elaborately below, require a party seeking to convert a jury trial to a non-jury trial

to obtain the approval of all other parties or leave of  the court that a right to jury trial does not exist.

*Id*. at 903. In *Rachal*, the Fifth Circuit found that diversity jurisdiction could not exist because the

plaintiff neither pleaded diversity jurisdiction nor named defendants that had complete diversity of

citizenship.  *See* 795 F.2d at 1213-14. As the Jones Act's statutory grant to seamen to elect trial by

jury was the only possible basis for a jury trial in that case, the court ruled that the plaintiff's later

amendment, designating his suit as arising under Rule 9(h), was sufficient to constitute a withdrawal

of his original jury demand without employing the procedures in Rule 39(a) required in *Johnson*. *Id*.

at 1216-17. The *Rachal* court distinguished *Johnson* because diversity jurisdiction in *Johnson*

provided an independent basis for both parties to demand trial by jury, whereas the only right to a

---

[1] *See also Fauntleroy v. Omega Protein, Inc.*, 2000 U.S. Dist. LEXIS 15594 (E.D.La. Oct. 12, 2000).

jury trial in *Rachal* arose under the Jones Act prerogative to elect trial by jury. *See id.* at 1213.

This Court's rulings in *Woodward* and *Fauntleroy* distinguished *Rachal* by extending the rationale of *Johnson*'s alternative jurisdictional basis even though the plaintiff's assertion of diversity jurisdiction was not explicit: Because the "domicile of [the] parties in the original and supplemental complaints . . . showed diversity of citizenship in fact," the plaintiff's initial demand for a jury trial was "available to him under both the Jones Act and diversity jurisdiction."    *Woodard*, 2000 U.S. Dist. LEXIS 1546, at *8.  Given the availability of diversity jurisdiction, Defendant could not be deprived of its Seventh Amendment right without the proper procedures under Rule 39.  *See id.*

Although the facts of this case distinguish it from *Rachal*, *Johnson* and *Woodard*,[2] the Court finds the rationale of *Rachal* to apply here.  The *Rachal* decision ultimately framed the issue in terms of whether the defendant relied on a plaintiff's jury demand served in an original complaint. *See Rachal*, 795 F.2d at 1214.   *Rachal* concluded that a defendant's Seventh Amendment entitlement to a jury trial could only attach through its reliance on a served jury demand:

> Rule 38(a) provides that the right to jury trial shall be preserved as given by the seventh amendment and the statutes of the United States. Other provisions of the Federal Rules, however, clearly establish that the Federal Rules should not be interpreted to expand the right to jury trial beyond constitutional or statutory grants, especially in admiralty. . . . Rule 39(a) . . . specifically protects the party who, *relying* on another party's jury demand, waives his own right by not demanding a jury.

---

[2] The common denominator in *Johnson*, *Rachal* and *Woodard* is that the plaintiffs served their respective initial complaints on the defendants, each with a jury demand, prior to later amending the complaints to take advantage of the statutory right to a non-jury right under Rule 9(h). *See*, *e.g.*, *Johnson v. Penrod Drilling Co.*, 469 F.2d 897, 902 (5th Cir. 1972)(amending original complaint with jury demand over three years after initial service); *Rachal v. Ingram Corp.*, 795 F.2d 1210 (1986) (supplementing complaint with Rule 9(h) non-jury demand one year after original complaint with jury demand was served); *Woodard v. Diamond Offshore Drilling, Inc.*, 2000 U.S. Dist. LEXIS 1546 (E.D.La. Feb. 11, 2000)(asserting Rule (h) right to non-jury four months after service of original complaint with jury demand and defendant's subsequent answer that also claimed right to jury trial).

*Id.* (emphasis added) (citing Fed.R.Civ.P. 38(e)).

In contrast to the *Johnson* and *Woodard* plaintiffs, Price never separately served his Original Complaint with jury demand on Gulf South prior to amending it to make the Rule 9(h) election for a non-jury trial.   In other words, upon apprising Gulf South of his admiralty claim, the contemporaneously filed Original Complaint and Amending Petition notified Defendant of Plaintiff's non-jury trial demand only.   Defendant's Seventh Amendment right to a jury trial accordingly did not attach due to Plaintiff's clear preference for a non-jury trial under the Rule 9(h) designation in the Amended Complaint.

Furthermore, Rule 38 is of no assistance to Defendant here.[3]   As the *Rachal* court held, Plaintiff Price alone may opt for a jury trial "if he [chooses] to pursue his Jones Act claim through the 'saving to suitors' clause in a civil action." *Id.* at 1213 (internal citations omitted).   In addition to

---

[3] Rule 38 reads:

 (a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

 (b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

 (c) Same: Specification of Issues. In his demand a party may specify the issues which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury for all the issues so triable. If he has demanded trial by jury for only some of the issues, any other party within 10 days after service of the demand or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.

 (d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

5

admiralty jurisdiction, diversity jurisdiction could theoretically exist, as contended here in light of the diverse citizenship of the parties.  Nevertheless, the plaintiff must still demand a jury trial by "serving upon the other parties" and "filing the demand" with the Court.  Fed. R. Civ. P. 38(b).  As mentioned above, no such service of a jury demand occurred.[4]  Therefore, Gulf South never had any grounds to rely on a jury demand by Plaintiff as to effectuate a Seventh Amendment right under Fed. R. Civ. P. 38. Without an initial trial right, Defendant cannot invoke Rule 38 to "create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule(h)." *See* Fed. R. Civ. P. 38(e). Accordingly, with no jury trial to convert to a non-jury trial, Plaintiff must not obtain approval of Defendant or seek leave of the Court for it motion to strike under Rule 39(a).

## III.   Conclusion

IT IS ORDERED that Plaintiff's Motion to Strike Defendant's jury demand be hereby GRANTED.  Defendant could not assert an entitlement to a jury trial in its Answer when it did not exist upon service of Plaintiff's Amended Complaint.  Accordingly, it cannot now be deprived of a Seventh Amendment right by striking the jury demand here.

New Orleans, Louisiana, this 27th day of July, 2005.

Helen G. Berrigan
United States District Judge

---

[4] It should be recalled that the Amending Petition expressly indicated the deletion of paragraph 8 of the Original Complaint, which had made the jury demand.

6