**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WADE J. PRICE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1365** |
| **GULF SOUTH PIPELINE COMPANY, LP** | **SECTION: "C"** |

**ORDER AND REASONS**

Before the Court is a Motions for Summary Judgment (Rec. Doc. 28) filed by defendant, Gulf South Pipeline Company, LP ("Gulf South") pursuant to Federal Rule of Civil Procedure 56(b). Plaintiff, Wade J. Price ("Price") opposes the motion. The motion is before the court on the briefs without oral argument. Having considered the motions, the oppositions thereto and the applicable law, the Court finds that there is a genuine issue of material fact regarding Gulf South's possible ownership and/or installation of the pilings that Price claims to have hit on June 4, 2004. Accordingly, Gulf South's Motion for Summary Judgment is hereby **DENIED**.

**I. BACKGROUND**

This suit arises out of accident that allegedly occurred on June 4, 2004 in Block 4, East Cameron Area of the Gulf of Mexico, about four miles east of the Mermenteau River entrance jetties. Price, captain of the F/V HEATHER MARIE, claims that he was cleaning his shrimp nets in this area when his vessel struck several unmarked submerged pilings located

approximately 1,138 feet off of the coast. Price believes that Gulf South owns the pilings.

As a result, he filed this suit against Gulf South claiming that the company was negligent in failing to maintain, inspect and/or mark the pilings. Gulf South filed this Motion for Summary Judgment arguing that Price has no proof that it owns the pilings. Price opposes the motion and presents evidence which shows that the pilings may have been part of the pipeline system installed in the area by Gulf South's predecessor.

## II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); see also *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d

1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." See *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

## III. ANALYSIS

In the case at bar, Gulf South claims that Price has no admissible evidence to show that it owns the pilings in question. Gulf South argues that Price's evidence pertaining to its ownership of the 10-inch natural gas pipeline in the area does not indicate that it also owns the pilings. Essentially, Gulf South claims that Price cannot establish who owns the pilings, when they were constructed or for what purpose they were installed.

Price presents evidence to the contrary. He provides a report and a supplemental report from a purported marine survey expert, John S. Williams, Jr. ("Williams"), that offer opinions as to why the pilings were installed and who may own them.[1] In his initial report, Williams opines that the pilings "are the remnants of a wooden bulkhead or dyke, constructed, at the point where the gas pipeline went offshore, to prevent the waters of the Gulf of Mexico from flowing into and over the pipeline trench." Rec. Doc. 28, Exhibit D. Williams' supplemental report restates his opinion on the purpose of the pilings. This report also expresses his opinions that there has been some beach erosion since the pipeline was constructed and that the pilings are "well

---

[1] A review of John S. Williams, Jr.'s *curriculum vitae* indicates that he has substantial experience as a marine surveyor. For the purposes of this motion, the Court will assume that Williams is qualified to testify as an expert on marine surveying.

weathered" and have been in place "since the pipeline was built." Rec. Doc. 30, Exhibit E. Gulf South objects to Williams' supplemental report because it was submitted after the deadline for expert reports had passed. However, even without considering the supplemental report, the Court finds that Williams' opinions in his initial report coupled with the evidence that Gulf South owns a pipeline in the vicinity of the pilings in question is sufficient to raise a question of material fact as to whether Gulf South owns the pilings.

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Gulf South's Motion for Summary Judgment be **DENIED**.

New Orleans, Louisiana, this 11th day of October, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE